## PILMINGTON DAGGETT v. THE TOWN OF MENDON.

*Decree of foreclosure. Invalid vote of town may prevent becoming absolute.*

The defendant town conveyed certain lands to the plaintiff by deed warranty, taking back a mortgage for the purchase price. Subsequently this mortgage was foreclosed and a decree obtained. Before the decree became absolute the defendant voted, but without any sufficient article in the warning, to extend the time of redemption six months. Before the expiration of this six months, but after the decree would have become absolute by its original terms, the defendant voted, at a meeting duly warned, to give the plaintiff a quit-claim deed upon his paying a sum less than that due on the decree, which was done. *Held*, that the first vote to extend the time of redemption, although invalid by reason of the insufficient warning, would have entitled the plaintiff to have the decree opened; that the decree never became absolute, and that the covenants in the original deed were still in force.

Action of covenant. Pleas, the general issue and in bar. Trial by jury at the September term, 1891, Start J., presiding. At the close of the plaintiff's testimony the court directed a verdict for the defendant. The plaintiff excepts.

The opinion states the facts.

*J. C. Baker*, for the plaintiff.

*Butler & Moloney* and *H. A. Harmon*, for the defendant.

When the decree of foreclosure became absolute, the entire estate vested in the defendant and the covenants in the first deed were extinguished. Littleton, s. 743; Coke upon Litt. 490, a; Preston, Touchstone, 201; Raw. Cov., 223; *Brown* v. *Metz*, 33 Ill. 339; *Silverman* v. *Loomis*, 104 Ill. 137; *Goodel* v. *Bennett*, 22 Wis. 565.

The opinion of the court was delivered by

TYLER, J.   The material facts that had appeared at the conclusion of the plaintiff's testimony, when the defendant moved for a verdict, are as follows : In July, 1872, the defendant town, for the consideration of $1000, by a warranty deed, conveyed to the plaintiff a tract of land situated in that town of which it claimed to have title, and the plaintiff at the same time mortgaged the land to the defendant to secure the payment of $800 of the purchase price, as specified in his four promissory notes of $200 each, payable in different years.   At the March term, 1875, of the Rutland Court of Chancery, the defendant obtained a decree of foreclosure against the plaintiff, in which it was ordered that unless the plaintiff pay the defendant the sum of $310.02—which was the part of the debt then due, including costs—on or before the first Tuesday in April, 1876, and the other sums within a year after they respectively became due, and interest, the plaintiff should be foreclosed and forever barred from all equity of redemption in the premises.   At its town meeting held March 7, 1876, it was voted to allow the plaintiff six months redemption on the land and to give him a quit-claim deed by his paying the balance due and costs.   There was no article in the warrant for the meeting that authorized this vote except the article,   "To transact any other business that may be legal at the meeting."   At a meeting duly warned and held for that purpose July 22, 1876, the town voted to give the plaintiff a quit-claim deed of the land upon his paying $600 and interest, the town paying the cost of foreclosure.   An agent was appointed to make the conveyance, and on July 24th the sum was paid and the conveyance made pursuant to the vote.

This action is for an alleged breach of the covenants in the original deed to the plaintiff.   The court sustained the defendant's motion and directed a verdict in its favor.

The defendant now insists that its title to the land became absolute by its decree of foreclosure and the plaintiff's title there-

by extinguished, and that the plaintiff held only by virtue of his deed of quit-claim as upon a new purchase. The plaintiff contends that the quit-claim deed operated as a redemption of the mortgage, and that the covenants in the original deed were in force when the suit was brought.

If the decree became absolute and reinvested the covenantor with the title, then the covenants were no longer in force and the plaintiff had no right of action.

As there was no specific article in the warrant for the March meeting authorizing the vote to extend the time, the vote that was passed did not operate as a perfected legal agreement between the parties by which the time was extended. It was the declaration of a purpose, a proposition to extend it, upon which the plaintiff might rely and which would doubtless have entitled him to an order opening the decree had the town attempted to take advantage of his failure to meet the April payment. The proposition of March 7th ripened into an agreement by the action of the town in July, when the decree was opened, payment accepted and the plaintiff permitted to redeem. In *Pierson* v. *Clayes et al.*, 15 Vt. 93, the Court of Chancery opened a decree of foreclosure, when the failure of the mortgagor to pay, according to the decree, was not through his negligence or default, but in consequence of propositions of settlement and payment, to be carried into effect after the time of payment had expired, and the failure to perform was on the part of the mortgagee. For a full consideration of the law relative to the right of a mortgagor to redeem after the time limited by the decree had expired, where he had been prevented, without his own fault, from making a required payment, see *Kopper* v. *Dyer*, 59 Vt. 477.

We hold that the decree of foreclosure did not become absolute so that the title to the land reinvested in the defendant; that the quit-claim was a redemption and continued the warranty deed in force, and that the plaintiff was entitled to pursue his action according to its merits.

*Judgment reversed and cause remanded.*